UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PRESTON WADE SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-95 SNLJ |
| | ) |
| JIMMY KIRKMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff Preston Wade Simpson (prison registration number 357159) for leave to commence this civil action *in forma pauperis*, or without prepayment of the filing fee. ECF No. 2. While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.[1]

Plaintiff, currently incarcerated at Farmington Correctional Center, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the

---

[1] In Plaintiff's July 31, 2023, letter to the Court, he states that he now has the money in his prison inmate account to pay the full filing fee in this matter and that he intends to do so. ECF No. 10 at 1. However, as of the date of this Order, the Court has not received that filing fee payment. Because the Court is not granting Plaintiff *in forma pauperis* status, the Court will not be automatically deducting money from Plaintiff's inmate account to cover the fees for this action. If Plaintiff wants this case to proceed as a fully paid complaint, he must pay the full filing fee of $402.

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Based on a review of cases filed by Plaintiff in this Court, Plaintiff has accumulated three strikes.[2]  As such, pursuant to 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable.  28 U.S.C. § 1915(g).

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury.  *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing.  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g).  *Id*.

Here, Plaintiff does not assert that he is in imminent danger.  Plaintiff brings this action under 42 U.S.C. § 1983, alleging that "from 2020-201" while he was confined at the Stoddard County Jail, he could not "freely access a constitutionally adequate law library."  ECF No. 7 at 5. Nothing in the complaint constitutes imminent danger of serious physical injury at the time of case

---

[2] Plaintiff has had at least three prior cases dismissed by this Court as frivolous, malicious, or for failure to state a claim.  *See Simpson v. Mayer*, No. 1:20-cv-159-DDN (E.D. Mo.) (dismissed Dec. 1, 2021, for failure to state a claim), *affirmed on appeal*, No. 21-3894 (8th Cir. Feb. 3, 2022); *Simpson v. Stafford*, No. 1:20-cv-276-SNLJ (E.D. Mo.) (dismissed June 17, 2021, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); *Simpson v. Cross*, No. 1:20-cv-196-DDN (E.D. Mo.) (dismissed Mar. 22, 2021, for failure to state a claim and/or for frivolity under 28 U.S.C. § 1915(e)(2)(B)), *affirmed on appeal*, No. 21-1792 (8th Cir. June 24, 2021).

filing. All of Plaintiff's allegations occurred in the past and he is no longer being held at the place of incarceration about which he complains. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny Plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel [ECF Nos. 4 & 8] are **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 15th day of August, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3